UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4: 11 CR 168 LRR |
| | ) | |
| MARTIN T. SIGILLITO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SIGILLITO'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COUNTS 10-15 OF THE INDICTMENT**

NOW COMES Defendant Martin T. Sigillito, by and through his attorney, Douglas P. Roller, and for his Memorandum of Law in Support of Motion to Dismiss Counts 10-15 of the Indictment, presents the following.

In *United States v. McKanry*, 628 F.3d 1010, 1017 (8th Cir. 2011) *cert. denied,* 131 S. Ct. 1837, 179 L. Ed. 2d 790 (U.S. 2011), the court describe the elements of a mail fraud violation as follows:

> "To establish mail fraud, the government must prove: '(1) a scheme to defraud by means of material false representations or promises, (2) intent to defraud, (3) reasonable foreseeability that the mail would be used, and (4) [that] the mail was used in furtherance of some essential step in the scheme.' " *United States v. Bryant,* 606 F.3d 912, 917 (8th Cir.2010) (alteration in original) (footnote omitted) (quoting *United States v. Parker,* 364 F.3d 934, 943 (8th Cir.2004)). The elements of wire fraud are nearly identical except they involve the use of interstate wiring instead of mail. *See United States v. Anderson,* 570 F.3d 1025, 1030 (8th Cir.2009) (stating elements of wire fraud); *United States v. Redzic,* 627 F.3d 683, 687 (8th Cir.2010) (noting the mail and wire fraud statutes are "in pertinent part, identical").

Each of Counts 10-15 of the Indictment allege mail fraud predicated upon Enterprise Bank and Trust mailing "an envelope containing a monthly statement of investments which

included loans to Distinctive properties in the United Kingdom" on a given day to a specific lender. Such mailings, however do not meet the "in furtherance" element of mail fraud.

*United States v. Fiorito*, 640 F.3d 338, 347 (8th Cir. 2011) explained the "in furtherance" element as:

> A mailing relied upon as a predicate for a mail fraud charge must be made "in furtherance of some essential step in the scheme," *United States v. French,* 88 F.3d 686, 688 (8th Cir.1996), or "for the purpose of executing the scheme," *Kann,* 323 U.S. at 93, 65 S.Ct. 148. However, "to be part of the execution of the fraud, ... the use of the mails need not be an essential element of the scheme." *Schmuck,* 489 U.S. at 710, 109 S.Ct. 1443. It is sufficient if the mailing is "incidental to an essential part of the scheme," *Pereira v. United States,* 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435 (1954), or "a step in [the] plot," *Badders v. United States,* 240 U.S. 391, 394, 36 S.Ct. 367, 60 L.Ed. 706 (1916).

The mailing of monthly statements, which just happen to include, among other investments, BLP loans cannot possibly be considered in furtherance of the alleged conspiracy. To begin with, the statements pertain to loans *already made*. Secondly, they are routine mailings that are made *regardless* of the BLP. The mailings are not an essential element of the alleged scheme or even incidental to an essential part of the alleged scheme. In other words, the mails do not "further" the alleged scheme one iota. They are innocent mailings not caused by Defendant nor were they part of the execution of the alleged fraud.

In *United States v. Pintar*, 630 F.2d 1270 (8th Cir. 1980), the Defendant had been convicted of mail fraud on the basis that he substantially diverted secretarial services in a government agency to political purposes. The mailings at issue were funding requests for two secretarial positions. No evidence was presented that at the time the request was made, Pintar intended to divert the secretaries' services from agency work to political activities. In finding the mailings not in furtherance of the alleged scheme, the court found:

> The evidence shows that the purpose of the mailings was to arrange for the funding of legitimate Commission work and to provide funds for salaries and other governmental activities. Instead of the mailings being "incident to an essential part of the scheme" or "closely related" to the scheme, United States v. Boyd, 606 F.2d 792, 794 (8th Cir. 1979), if anything the evidence shows these mailings were separate acts completed independent of the diversion of secretarial time for political activity.

630 F.2d at 1280.

Similarly, in *United States v. Kwiat*, 817 F.2d 440 (7th Cir. 1987), addressed the question of whether the mailing of documents from the recorder of deeds to the bank was in furtherance of the Defendants' scheme to defraud the bank.  The court noted that,

> there is no *mail* fraud unless the mailing is "for the purpose of executing such scheme" (as § 1341 itself provides) and is causally linked to the scheme's success. *United States v. Lane,* 474 U.S. 438, 106 S.Ct. 725, 733–34, 88 L.Ed.2d 814 (1986); *United States v. Maze,* 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974); *Parr v. United States,* 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960). This is not to say that the mailing must itself be fraudulent. "We have held many times that 'innocent' mailings may offend the statute if they are integral parts of a scheme to defraud." *United States v. Green,* 786 F.2d 247, 249 (7th Cir.1986) (collecting authority). So the fact that the documents mailed to the Bank are truthful legal instruments is irrelevant. In every innocent-mailing case to date, however, there has been some link between the mailing and the success of the scheme.

817 F.2d at 443.

The court explained its application of these principles to the case before it by noting,

> The mailings in this case—of documents from the recorder of deeds to the Bank—did not make the fraud possible or facilitate it. They did not help McKeown and Kehoe rake in money from the Bank; they did not reduce the quality of the intangible services McKeown and Kehoe supplied to the Bank; they did not help McKeown and Kehoe hide their delicts or postpone the day of reckoning. The mailings are offshoots of the loans, but honest services would have produced the same sort of mailings.

817 F.2d at 443-444.

The present case is legally indistinguishable from *Kwiat*.  The mailings in Counts 10-15 were innocent mailings by a third party that did not make the alleged fraud possible nor facilitate

3

it.  Although the mailings were related to the loans, they would have been produced and mailed if the alleged fraud did not exist.  Thus, they cannot be "in furtherance" of the alleged fraud.

As a consequence, Counts 10-15 of the Indictment fail to state an offense and must be dismissed.

Respectfully, submitted,

/s/ Douglas P. Roller
Douglas P. Roller #50262MO
Roller Law Office LLC
2507 January Avenue
St. Louis, Missouri 63110
(314) 645-7228
(314) 645-7235 (fax)
dprcrimlaw@aol.com

***Attorney for Defendant Martin Sigillito***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of October 2011, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record:

/s/ Douglas P. Roller